UNITED STATES of America, Plaintiff—Appellee,

v.

Jason ROAN, Defendant—Appellant.

No. 07–10024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Feb. 27, 2008.

---

Dyanne C. Greer, USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

David S. Eisenberg, Phoenix, AZ, for Defendant–Appellant.

Before: THOMPSON and M. SMITH, Circuit Judges, and HAYES,* District Judge.

## MEMORANDUM **

Jason Roan was convicted by a jury of multiple counts of sexual abuse of his minor step-daughter, M.T. The District Court sentenced Roan to serve a term of 264 months imprisonment. Roan appeals his conviction and sentence on the following grounds: 1) the District Court abused its discretion by allowing evidence of other acts of child molestation pursuant to Fed. R.Evid. 414, and 2) the District Court abused its discretion by imposing an unreasonable and excessive term of imprisonment in violation of 18 U.S.C. § 3553(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

■ Roan contends that M.T.'s testimony at trial that he sexually molested her when she was in the fifth grade was not admissible pursuant to Fed.R.Evid. 414 because her testimony was unreliable, and the District Court did not perform a thorough balancing inquiry pursuant to Fed. R.Evid. 403.

Under Fed.R.Evid. 414, the key to admissibility is relevance, and no independent evidence of the commission of the prior bad act is required. *United States v. Norris,* 428 F.3d 907, 913 (9th Cir.2005). The District Court properly concluded that M.T.'s testimony that Roan sexually molested her when she was in the fifth grade was supported by M.T.'s testimony regarding the charged offenses, and relevant to bolster M.T.'s credibility. *See United States v. LeMay,* 260 F.3d 1018, 1028 (9th Cir.2001). The District Court properly evaluated all relevant factors pursuant to Fed.R.Evid. 403 and reasonably concluded that there was no unfair prejudice in light of Roan's strategy to attack the credibility of the witness. We conclude that the District Court properly allowed M.T.'s testimony that Roan sexually molested her when she was in the fifth grade pursuant to Fed.R.Evid. 414.

■ Roan contends that the District Court imposed an unreasonable and blatantly excessive term of imprisonment as a result of its failure to adequately consider the factors set forth in 18 U.S.C. § 3553(a). Roan does not challenge any aspect of the application of the United States Sentencing Guidelines, therefore, our review is limited to whether the sentence imposed is reasonable under the factors set forth in 18 U.S.C. § 3553(a). *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006). The sentencing record shows that the District Court properly considered the presentence report, the ad-

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

visory guidelines, the arguments of counsel, and thoroughly addressed the factors in 18 U.S.C. § 3553(a) prior to imposing the 264 month sentence. We conclude that the District Court stated a reasoned basis for exercising its sentencing authority under 18 U.S.C. § 3553(a), and that the sentence of 264 months is reasonable.

The judgment of conviction and the sentence are AFFIRMED.